THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY KEITH BROWN, Defendant-Appellant.

Third District   No. 3—96—0150

Opinion filed March 5, 1998.

Verlin R. Meinz (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Karen Andrews, State's Attorney, of Carthage (John X. Breslin and Terry A. Mertel (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant Larry Keith Brown was convicted of state benefits fraud and sentenced to a 40-month term of incarceration. He appeals his conviction. We affirm.

On appeal, defendant contends that the State failed to prove its case beyond a reasonable doubt. When faced with a challenge to the sufficiency of the evidence, this court is not permitted to substitute its judgment for that of the trier of fact on questions involving the weight to be assigned to the evidence or the credibility of witnesses. *People v. Campbell*, 146 Ill. 2d 363, 375, 586 N.E.2d 1261, 1266 (1992). Accordingly, we will not disturb a conviction unless the evidence presented at trial is so "unreasonable, improbable, or so unsatisfactory as to justify a reasonable doubt of the defendant's guilt." *Campbell*, 146 Ill. 2d at 375, 586 N.E.2d at 1266. The relevant inquiry for a court of review is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277 (1985).

Here, the State presented evidence that (a) from April 1994 to January 1995, defendant sought and obtained state benefits in excess of $300; (b) he was self-employed in a business involving the sale of used cars; (c) he had a bank account through which more than $35,000 flowed; and (d) defendant failed to report his business and bank account when he applied for state benefits.

■ Section 17—6(a) of the Criminal Code of 1961 (720 ILCS 5/17—6(a) (West 1994)) provides:

> "Any person who obtains or attempts to obtain money or benefits from the State of Illinois, from any political subdivision thereof, or from any program funded or administered in whole or in part by the State of Illinois or any political subdivision thereof through the knowing use of false identification documents or through the knowing misrepresentation of his age, place of residence, number of dependents, marital or family status, employment status, financial status, or any other material fact upon which his eligibility for or degree of participation in any benefit program might be based, is guilty of State benefits fraud."

Defendant argues that the State failed to show that he made a *material* misrepresentation. Specifically, defendant claims that the State failed to prove that he made a profit or derived any income from his business.

Not every error or omission under section 17—6(a) constitutes a violation of law. The misrepresentation must be knowing and must pertain to employment status, financial status, or other material fact. 720 ILCS 5/17—6(a) (West 1994). It is possible to conceive of a variety of misrepresentations that would not satisfy the requirements of section 17—6(a).

■ After reviewing the record in this case, however, we conclude that the State satisfied its burden under the statute. The phrase "employment status, financial status, or any *other* material fact upon which eligibility for or degree of participation in any benefit program might be based" (emphasis added) (720 ILCS 5/17—6(a) (West 1994)) reflects a legislative determination that employment status and financial status are "material" facts. See *People v. Eubanks*, 283 Ill. App. 3d 12, 23, 669 N.E.2d 678, 685 (1996) ("when a statutory clause describes a class or classes of persons or things, and then includes 'other'[,] *** the word 'other' is interpreted to mean 'other such like' "); Black's Law Dictionary 992 (5th ed. 1979) ("Following an enumeration of particular classes 'other' must be read as 'other such like,' and includes only others of like kind and character"). Thus, defendant's self-employment is a "material fact" under the statute.

Nevertheless, defendant asserts that a conviction cannot rest merely on unreported bank deposits. Citing a federal tax evasion case, defendant claims that the State must prove that he misrepresented his net income. See *United States v. Hall*, 650 F.2d 994 (9th Cir. 1981); see also *United States v. Marrinson*, 832 F.2d 1465 (7th Cir. 1987) (filing false tax returns). But, the analogy to federal tax cases is incomplete. In a prosecution for state benefits fraud, misrep-

resentation regarding income is not an essential element. Under section 17—6(a), knowing misstatements about one's employment status or financial status are sufficient to support a conviction.

Under the evidence presented in this case, defendant was proved guilty beyond a reasonable doubt of state benefits fraud.

The judgment of the circuit court of Hancock County is affirmed.

Affirmed.

McCUSKEY, P.J., and SLATER, J., concur.